# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: ABRAN TAPIA,                                                No. 12-11281

      Debtor.

## MEMORANDUM OPINION

Before the Court are the motions seeking sanctions for a violation of the discharge injunction, to obtain injunctive relief against further violations, and to avoid a lien held by Diego Quintana (together the "Motions"), filed by Debtor Abran Tapia, *pro se*. *See* Docket Nos. 49, 56, and 57. Mr. Tapia asserts Mr. Quintana violated the discharge injunction imposed by 11 U.S.C. § 524 by obtaining an amended judgment, filing an amended transcript of judgment, and prosecuting a foreclosure action after he received a bankruptcy discharge. Mr. Tapia now seeks sanctions and to avoid the resulting lien. The Court conducted a final hearing on the Motions on July 20, 2015 at 9:30 a.m. and thereafter received supplemental submissions by the parties. After carefully considering the evidence and arguments, the Court concludes that Mr. Quintana did not violate the discharge injunction. The judgment lien therefore cannot be avoided, and the Motions will be denied.

## FINDINGS OF FACT

Mr. Tapia and Mr. Quintana formed a partnership and are former business partners. Mr. Tapia contributed property to the partnership, which was subdivided into three lots: Lot 1-A, Lot 1-B, and Lot 1-C. The lots abut a parcel of land owned by Mr. Tapia, which was subject to a mortgage. Mr. Tapia retained legal title to the lots because the lots were never formally transferred to the partnership.

At some point, the partnership dissolved. In 2007, Mr. Quintana commenced an action against Mr. Tapia in New Mexico's Fourth Judicial District Court to recover his portion of the

partnership assets, Case No. D-412-CV-2007-00211.  On November 23, 2010, Mr. Quintana obtained a money judgment against Mr. Tapia in the amount of $52,500, plus costs and interest (the "2010 Judgment").  That amount represented Mr. Quintana's initial contribution to the partnership, plus his portion of the proceeds from Mr. Tapia's unilateral sale of Lot 1A.  The 2010 Judgment also provides that title to Lots 1-B and 1-C are declared to be Mr. Tapia's property and that Mr. Quintana has no claim to them.

Shortly after obtaining the 2010 Judgment, Mr. Quintana recorded a transcript of the judgment in San Miguel County in the amount of $52,500 plus interest at the rate of 8.75% per annum (the "2010 Transcript of Judgment").  The 2010 Transcript of Judgment created a judgment lien against 40 acres of Mr. Tapia's real property, including Lots 1-B and 1-C.[1]  Hereinafter, the 40 acre parcel will be referred to as the "Property."

On December 21, 2010, Mr. Quintana filed a notice of appeal contesting the calculation of damages in the 2010 Judgment.  The New Mexico Court of Appeals reversed, determining the district court erred by failing to distribute the partnership property in accordance with the parties' partnership agreement.[2]  Under that agreement, the partnership property should have been divided equally after all partnership expenses were paid.  The New Mexico Court of Appeals

---

[1] Based on the record as a whole, the Court is drawing the inference that the 40 acre parcel includes Lots 1-B and 1-C.  The testimony did not distinguish between the lots and the 40 acre parcel, and the Foreclosure Judgment notes that the 2010 Transcript of Judgment and the Amended Transcript of Judgment (defined below) created a lien against all real property Mr. Tapia owned in November 2010.  Further, although the Court refers to a "40 acre parcel" to describe the property at issue, the exact number of acres is not critical to this ruling.

[2] The appellate decision is set forth in a proposed summary disposition, which later became final.  With the consent of both parties, the Court admitted in evidence the proposed summary distribution after the conclusion of the final hearing on the Motions.  The proposed summary distribution was filed of record as supplemental exhibit E-2.  *See* Docket No. 72.

remanded the case to allow the district court to redistribute the partnership assets in accordance with its instructions.

On April 2, 2012, Mr. Tapia filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Mr. Tapia's debt to Mr. Quintana arising from the 2010 Judgment (the "Debt") was listed as a disputed, unsecured non-priority claim in Schedule F. The Quintanas did not object to their claim being so listed on Schedule F.[3] In Schedule A, Mr. Tapia listed his home in Rowe, New Mexico, raw land west of his home, and two lots north of his home. Based on the record as a whole, the Court infers the lots north of his home are Lots 1-B and 1-C. He obtained a discharge of the Debt, and various other debts, on July 16, 2012. The Court closed the bankruptcy case on May 9, 2013.

About four months later, on or about September 24, 2013, the state district court entered an amended final judgment (the "Amended Judgment") against Mr. Tapia in the amount of $52,187, *nunc pro tunc* as of November 23, 2010, plus interest. That amount--which was $313 less than the 2010 Judgment--was in accordance with the mandate of the New Mexico Court of Appeals.

The Amended Judgment also required Lots 1-B and 1-C to be redistributed so that the remaining partnership property would be divided equally. Mr. Quintana was to receive Lot 1-B, and Mr. Tapia was to retain Lot 1-C. The property line also needed to be readjusted on both lots to exclude a strip of land that abuts Mr. Tapia's separate property and is subject to a mortgage.[4] The Amended Judgment therefore requires that: (1) Mr. Tapia convey Lot 1-B to Mr. Quintana by quitclaim deed; (2) Mr. Quintana convey back to Mr. Tapia by quitclaim deed the strip of Lot

---

[3] In a Chapter 7 case, a creditor is not required to object to the way in which the debtor schedules his or her claim.
[4] Presumably, the partnership's interest in that strip of land was junior to the mortgage lien.

-3-

Case 12-11281-j7    Doc 76    Filed 01/13/16    Entered 01/13/16 11:15:11 Page 3 of 9

1-B that is subject to the mortgage; and (3) Lot 1-C, as adjusted to exclude the encumbered strip of land, is deemed distributed to Mr. Tapia by the partnership.

On October 15, 2013, Mr. Quintana recorded an amended transcript of the judgment in San Miguel County in the amount of the Amended Judgment (the "Amended Transcript of Judgment"). The Amended Transcript of Judgment attached to the same Property to which the original 2010 Transcript of Judgment attached prepetition, minus the property transferred to Mr. Quintana (*i.e.* Lot 1-C, Mr. Tapia's raw land, and his home) (hereinafter, the "Remaining Property"). The Amended Transcript of Judgment did not attach to any property that was not subject to the original judgment lien.

Mr. Quintana filed a complaint to foreclose the lien arising from the Amended Transcript of Judgment on November 6, 2013 in New Mexico's Fourth Judicial District Court, Case No. D-412-CV-2013-00455 (the "Foreclosure Action"). The complaint recites that Mr. Tapia's personal liability to Mr. Quintana was discharged in the bankruptcy case. The discharge order was attached to the complaint.

This Court reopened the bankruptcy case on February 27, 2014 at Mr. Tapia's request and reclosed the case on April 24, 2014 after he took no action within the time specified in the order reopening the case.

In April 2015, the state court granted summary judgment in favor of Mr. Quintana in the Foreclosure Action (the "Foreclosure Judgment"). In the Foreclosure Judgment, the state court found:

(1) the Remaining Property was the subject matter of the Foreclosure Action;

(2) the Remaining Property was at all material times owned by Mr. Tapia;

(3) the 2010 Transcript of Judgment and the Amended Transcript of Judgment both created a judgment lien against all real property owned by Mr. Tapia as of November 29, 2010;

(4) the Amended Transcript of Judgment did not purport to increase the amount of the 2010 Judgment, encumber any property not already encumbered by the original 2010 Transcript of Judgment, or otherwise purport to impose any personal liability against Mr. Tapia for the 2010 Judgment, as amended; and

(5) the 2010 Judgment, as amended, created a prepetition lien and remained valid as to the Remaining Property, notwithstanding the bankruptcy discharge.

*See* Exhibit I, p. 3-4.

The decretal portion of the Foreclosure Judgment states: "Judgment foreclosing Plaintiff's lien against the property described in this judgment is hereby entered in favor of Plaintiff Diego Quintana and against Defendant Abran Tapia's interest in said property." *Id.* at p. 5.

There is no evidence that Mr. Quintana attempted to collect the Amended Judgment or the Foreclosure Judgment as personal liabilities of Mr. Tapia after he received a discharge. Further, the Amended Judgment, the Amended Transcript of Judgment, and the Foreclosure Judgment all relate to property to which the original lien created by the 2010 Transcript of Judgment attached prepetition.

On March 9, 2015, this Court again reopened the bankruptcy case at Mr. Tapia's request. He filed the Motions later that month.

DISCUSSION

Mr. Tapia asserts Mr. Quintana violated the discharge injunction imposed by 11 U.S.C. § 524 by attempting to enforce and foreclose the lien arising from the Amended Judgment.[5] Mr. Tapia also seeks to avoid the judgment lien, as it was allegedly recorded in violation of the discharge injunction. That is the sole basis on which Mr. Tapia seeks to avoid the lien.

A Chapter 7 discharge does not extinguish any debts. The discharge injunction simply "prohibits efforts to collect a debt *as a personal liability of the debtor*[.]" *In re Paul,* 534 F.3d 1303, 1309 n. 6 (10th Cir. 2008) (emphasis in original) (citing 11 U.S.C. § 524(a)). *See also In re Jester,* 2015 WL 6389290, *9 n. 58 (10th Cir. BAP 2015) ("The grant of a discharge does not extinguish any debt, it simply prevents any act to collect the debt as a personal liability of the debtor.").

In a Chapter 7 case, "[l]iens, which are a 'charge against or interest in property to secure payment of a debt or performance of an obligation[,]' … are distinct from 'debts,' and … are not subject to discharge." *In re Lowther,* 2002 WL 199836, *3 (10th Cir. BAP 2002). *See also Johnson v. Home State Bank,* 501 U.S. 78 (1991) (noting that a creditor's right to foreclose a lien survives a Chapter 7 liquidation notwithstanding the discharge of personal liability). "[A]n *in rem* judgment, based upon a prepetition lien and running solely against the debtor's property, would not be affected by the discharge." 4 Collier on Bankruptcy ¶ 524.02 at 524-14.8 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2005); *Paul,* 534 F.3d at 1309, n. 6 ("Liens[s] remain[] enforceable *in rem* following discharge of the underlying debt in bankruptcy"). "In other words, the right of a creditor to foreclose a prepetition lien survives, or 'passes through,'

---

[5] Mr. Tapia's arguments all focused on Mr. Quintana's collection efforts in connection with the Amended Judgment. Mr. Tapia did not argue, and the Court will not address, whether the redistribution of property under the Amended Judgment violated the discharge injunction.

bankruptcy unaffected by the debtor's discharge, so long as the lien has not been avoided." *In re Pancoast,* 2007 WL 1079969, * 1 (Bankr. N.D. Cal. 2007) (citing *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992)).[6]

Here, the 2010 Judgment and the 2010 Transcript of Judgment gave rise to a prepetition lien against the 40 acres of Mr. Tapia's Property, including raw land and Lots 1-B and 1-C. Mr. Tapia received his Chapter 7 discharge while the 2010 Judgment was on appeal. Then, by the Amended Judgment and Amended Transcript of Judgment, Mr. Quintana adjusted the lien amount downward by $313, and the judgment lien was limited to Mr. Tapia's Remaining Property, including the raw land and Lot 1-C. Post-discharge, Mr. Quintana did not increase the scope or amount of the lien; it attached to the same property to which the original lien attached, minus Lot 1-B, and was for a lesser amount. Consequently, Mr. Quintana did not violate the discharge injunction under § 524 by obtaining the adjusted judgment lien or by foreclosing that lien.

There is also no evidence Mr. Quintana attempted to enforce the Amended Judgment as a personal liability of Mr. Tapia. Instead, Mr. Quintana only sought to enforce the judgment lien *in rem*: the Amended Judgment and the Foreclosure Judgment both reference Mr. Tapia's discharge and contain directives about the disposition of property. Further, the complaint to

---

[6] *See also In re Oglesby,* 2014 WL 4796928, *3 (Bankr. N.D. Ohio 2014) ("§ 524(a)(2) prevents the enforcement of personal liability, but it does not prevent the foreclosure of a valid and subsisting judgment lien that remains in default after a discharge is issued and the Chapter 7 case is closed."); *In re Robinson,* 2007 WL 433092, * 8 (Bankr. N.D.W.Va. 2007) ("With respect to a judgment lien, … a debtor's personal liability on the judgment lien is discharged; however, the personal discharge does not extinguish the judgment lien creditors' rights in the attached real property."); *In re Tittle,* 346 B.R. 684, 688 (Bankr. E.D.Va. 2006) ("[L]iens [creditor] held before the chapter 7 case and that were not avoided remain liens against [debtor's] properties, unaffected by the chapter 7 discharge.").

foreclose the Amended Judgment attaches a copy of the discharge order, and Mr. Quintana did not request a deficiency judgment.

Under these circumstances, the Court concludes Mr. Quintana's actions to enforce his prepetition judgment lien against Mr. Tapia's Property, as amended post-discharge, did not violate the discharge injunction. *See, e.g., In re Pancoast,* 2007 WL 1079969, *2 (Bankr. N.D. Cal. 2007) ("Because [creditor's] post-discharge conduct in attempting to renew its lien through state court procedures constituted in rem actions, [creditor] did not violate the bankruptcy discharge."); *In re Pague,* 2010 WL 1416120, *4 (Bankr. N.D.W.Va. 2010) ("An action *in rem* to enforce a pre-petition lien does not violate the discharge injunction as long as the action does not subject the debtor to *in personam* judgment on a discharged debt") (citing In re Martin, 157 B.R. 268, 274 (Bankr. W.D.Va.1993)).

Because the only grounds for voiding the judgment lien is that its creation or existence violated the discharge injunction, Mr. Tapia's motion to avoid the lien held by Mr. Quintana must also be denied.

## CONCLUSION

Based on the foregoing, the Court concludes that Mr. Quintana did not violate the discharge injunction imposed by 11 U.S.C. § 524 by obtaining a lien arising from the Amended Judgment, recording the Amended Transcript of Judgment, or foreclosing the lien. Mr. Tapia therefore cannot avoid the judgment lien. The Court will enter a separate order consistent with this memorandum opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 13, 2016

COPY TO:

Abran Tapia
PO Box 82
Rowe, NM 87562

Karl Hans Sommer
PO Box 2476
Santa Fe, NM 87504-2476